**Paula VALERIO and Ruben V. Valerio, Plaintiffs–Appellants,**

v.

**HMO COLORADO, INC., a Colorado corporation, a subsidiary of Rocky Mountain Hospital and Medical Service, a Colorado corporation, d/b/a Blue Cross & Blue Shield of Colorado, Comprecare Health Care Services, Inc., a Colorado Corporation, successor of FHP of Colorado, Inc., f/k/a or d/b/a Lincoln National Health Plan, f/k/a or d/b/a Peak Health Plan, Defendants–Appellees.**

No. 97CA0022.

Colorado Court of Appeals, Div. IV.

April 30, 1998.

**1058**

Frederick W. Newall, Colorado Springs, for Plaintiffs–Appellants.

Kennedy & Christopher, P.C., Dean A. McConnell, Denver, for Defendants–Appellees.

Opinion by Judge NEY.

Plaintiffs, Paula and Ruben V. Valerio (wife and husband), appeal the dismissal of their claims against defendant, HMO Colorado, Inc. Plaintiffs' claims for breach of contract, bad faith, and violation of the Colorado Consumer Protection Act stem from defendant's denial of coverage for husband's medical expenses under their health insurance policy. We reverse and remand.

Through wife's federal employment under the Federal Employee Health Benefits Act (FEHBA), 5 U.S.C. §§ 8901, et seq. (1992), wife subscribed to defendant's health plan for herself and husband. Husband received medical care for his back and submitted his bills to defendant for compensation. Defendant denied husband's claim, asserting that his claim was based on a workers' compensation injury which was excluded from coverage.

Plaintiffs filed their complaint against defendant on September 8, 1994. Subsequent to the commencement of this action, the Office of Personnel Management (OPM), the administrator of FEHBA, issued an interim regulation relative to health insurance coverage of federal employees, 60 Fed.Reg. 16037 (1995), effective March 29, 1995, dictating

that all claims be brought against OPM, rather than the insurance company.

In May 1995, defendant filed notice to remove the case to the Colorado federal district court on the basis that the plaintiffs' claims were governed by federal law, and filed a motion to dismiss for failure to state a claim.

In its motion to dismiss, defendant asserted that it was not a proper party defendant because plaintiffs' claim was governed by the interim regulation, which indicated that OPM was the real party in interest.

Plaintiffs moved to remand to state court, arguing that at the time they filed their action OPM's interim regulation was not in effect and that the regulation should not be applied retroactively. The federal district court agreed, and remanded for lack of federal question subject matter jurisdiction, stating:

> At the time the Valerios filed their original complaint, [OPM's] interim regulations were not in effect. Because the Court cannot identify any legal or factual reasons for concluding that the regulations should apply retroactively, it concludes that the new regulations neither preempt completely nor govern exclusively the Valerios' state law claims.

The court remanded without ruling upon defendant's motion to dismiss. Defendant was barred from appealing the court's remand order under § 28 U.S.C. 1447(d)(1994), which renders orders of remand unreviewable by appeal or otherwise.

However, in November 1996, the El Paso County district court granted defendant's outstanding motion to dismiss which had been filed in the federal court, finding that OPM's interim regulation required that plaintiffs' claim be brought against OPM. Contrary to the conclusions of the federal court in its remand order, the state district court found that, because the interim regulation was jurisdictional and applied to all pending benefits dispute cases, it governed the action retroactively.

Pointing to the inconsistency between the federal court's determination that OPM was not the proper party defendant, and the state court's dismissal of plaintiffs' claim for failing to bring the action against OPM, plaintiffs appealed.

## I.

Plaintiffs argue that the trial court erred in ruling that the interim regulation requiring plaintiffs to bring this action against OPM applied retroactively. We agree.

When a controversy implicates a federal statute or regulation enacted or created after the events in suit, and the statute or regulation contains no indication as to whether it is retroactive, a court must determine whether it is to have that effect. *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

To determine whether retroactive application should be given, a court must analyze when the new provision attaches new legal consequences to events completed before its enactment. It must determine whether the new rule would impair rights a party possessed when he or she acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. And, retroactivity is a matter to be guided by traditional considerations of fair notice, reasonable reliance, and settled expectations. *Landgraf v. USI Film Products, supra.*

Here, the new provision compelling plaintiffs to bring health insurance claims against OPM attaches new legal consequences to events completed before the provision's effect. Plaintiffs had already filed an action under state law against their health insurance carrier asserting various state law claims prior to the effective date of the provision. Thus, the application of the new provision would result in the legal consequence that plaintiffs can no longer maintain their several state law claims in the state court against their health insurance provider.

Furthermore, the new rule would impair the rights plaintiffs possessed when they brought this action against the health insurance provider directly, as opposed to OPM. The new rule also imposes new duties with

respect to transactions already completed by requiring plaintiffs to bring their action against a federal government administrator, instead of their health insurance provider.

Therefore, we conclude that the new provision does not have retroactive effect on plaintiffs' cause of action.

Because of our disposition of this issue, we need not address the balance of plaintiffs' arguments.

The judgment is reversed, and the cause is remanded with directions to reinstate plaintiffs' claims.

RULAND and CASEBOLT, JJ., concur.